# Commonwealth of Massachusetts

FILED OFFICE

2004 SEP 24 P 1: 20

U.S. DISTRICT COURT
DISTRICT OF MASS.

BARNSTABLE, ss.                                                    SUPERIOR COURT

No. 04-401

I, John S. Dale, First Assistant Clerk of the Superior Court within and for said County of

Barnstable, having, by law, the custody of the seal and all the records, books, documents and

papers of, or appertaining to said Court, hereby certify that the papers hereto annexed are true

copies of the papers appertaining to said Court, and on file and of record in the Office of said

Court, relating to the case of MARTIN J. GALVIN, JR, Ed. D.  vs. TOWN OF YARMOUTH et

al., case #04-401

In witness whereof, I have hereunto set my hand and the

seal of said Court, this twentieth day of September in the

year of our Lord two thousand  four.

_____

First Assistant Clerk

higginbo

# Commonwealth of Massachusetts
## BARNSTABLE SUPERIOR COURT
### Case Summary
### Civil Docket

09/20/2004
03:05 PM

# BACV2004-00401
## Galvin Jr EdD v Yarmouth et al

| | | | |
|---|---|---|---|
| **File Date** | 07/07/2004 | **Status** | Disposed: transferred to other court (dtrans) |
| **Status Date** | 09/20/2004 | **Session** | A - Civil A- Barnstable Superior Court |
| **Origin** | 1 | **Case Type** | E17 - Civil Rights Act (12.011H-1) |
| **Lead Case** | | **Track** | A |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 10/05/2004 | **Answer** | 12/04/2004 | **Rule12/19/20** | 12/04/2004 |
| **Rule 15** | 09/30/2005 | **Discovery** | 08/26/2006 | **Rule 56** | 10/25/2006 |
| **Final PTC** | 02/22/2007 | **Disposition** | 07/07/2007 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Martin J Galvin Jr EdD
21 Coniston Ave
Waterbury, CT 06708
Active 07/07/2004

**Private Counsel 638265**
Matthew P Zayotti
Keegan Werlin & Pabian
265 Franklin Street
Boston, MA 02110-3113
Phone: 617-951-1400
Fax: 617-951-1354
Active 07/07/2004 Notify

**Defendant**
Town of Yarmouth
Served: 08/19/2004
Served (answr pending) 09/01/2004

**Private Counsel 542042**
Leonard H Kesten
Brody Hardoon Perkins & Kesten
1 Exeter Plaza
12th floor
Boston, MA 02116
Phone: 617-880-7100
Fax: 617-880-7171
Active 09/16/2004 Notify

**Defendant**
Town of Yarmouth Chief of Police
Served: 08/24/2004
Served (answr pending) 08/26/2004

*** See Attorney Information Above ***

**Defendant**
Lieutenant in Yarmouth Police Department
Steven G. Xiarhos
Served: 08/24/2004
Served (answr pending) 08/26/2004

*** See Attorney Information Above ***

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 07/07/2004 | | Filing fee paid in the amount of $275.00 including $20.00 security fee. |

case01 218986 y y y y y y

**Commonwealth of Massachusetts**
**BARNSTABLE SUPERIOR COURT**
**Case Summary**
**Civil Docket**

09/20/2004
03:05 PM

## BACV2004-00401
## Galvin Jr EdD v Yarmouth et al

| Date | Paper | Text |
|------|-------|------|
| 07/07/2004 | 1.0 | COMPLAINT with jury claim & civil action cover sheet filed |
| 07/07/2004 | | Origin 1, Type E17, Track A. |
| 08/26/2004 | 2.0 | SERVICE RETURNED (2): Defendants, Town of Yarmouth Chief of Police and Lieutenant of Yarmouth Police Department made on August 24, 2004 |
| 09/01/2004 | 3.0 | AFFIDAVIT: Plaintiff's of service as to deft., Town of Yarmouth, with service made on August 19, 2004 and signed for on August 20, 2004 |
| 09/15/2004 | 4.0 | NOTICE: Defendants' of removal to United States District Court for the District of Massachusetts |
| 09/20/2004 | | Case REMOVED this date to US District Court of Massachusetts (Papers 1-4) |

EVENTS

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 09/16/2004 | Civil A- Barnstable Superior Court | Status: administrative TC to Atty. Kesten's office re removal. Need check for $40.50 for removal | Event held as scheduled |
| 09/30/2004 | Civil A- Barnstable Superior Court | Status: Clerk Follow UP Check for removal should be rec'd prior to this date | Event canceled not re-scheduled |
| 07/07/2005 | Civil A- Barnstable Superior Court | Status: Clerk Follow UP Anniversary date | Event canceled not re-scheduled |

RECEIPT # _____
AMOUNT $ ___150___
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM _____
CF ISSUED_____
BY DPTY. CLK. _____
DATE___9-9-04___

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BARNSTABLE SS

FILED  SEP 15 2004    CIVIL ACTION NO.

M. VINCENT GALVIN, JR., ED.D,
                    Plaintiff

VS.

THE TOWN OF YARMOUTH,
PETER L. CARNES AND STEVEN XIARHOS
                    Defendants

04-11958 RGS

MAGISTRATE JUDGE Chen

## DEFENDANTS' NOTICE OF REMOVAL OF ACTION FROM STATE COURT

#4

Pursuant to 28 U.S.C. §1441, defendants petition for removal of this action to the

United States District Court for the District of Massachusetts.  As grounds therefore, the

defendants state as follows:

1.    On or about July 6, 2004, the plaintiff filed this suit in the Barnstable

Superior Court, Civil Action No. 04-401.

2.    On August 23, 2004, the plaintiff's complaint was served upon the

defendants.  Attached as Exhibit A is a copy of the plaintiff's complaint.

3.    This Court has original jurisdiction of this action because the plaintiff and

the defendants are citizens of different states, as authorized by 28 U.S.C. §1332 and it is

subject to removal under 28 U.S.C.§1441.

4.    This Notice of Removal is being filed within the time period required by

law, 28 U.S.C. §1446(b).        Respectfully submitted,

                              DEFENDANTS,
                              By their attorneys,

                              Leonard H. Kesten, BBO No. 542042
                              BRODY, HARDOON, PERKINS & KESTEN, LLP
                              One Exeter Plaza
Dated:  September 8, 2004      Boston, MA 02116
                              (617) 880-7100

I hereby certify that a true copy of the
above document was served upon (each
party appearing pro se and) the attorney
of record for each (other) party by mail
(by hand) on ___9/8/04___ .

COMMONWEALTH OF MASSACHUETTS

BARNSTABLE, SS.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 04-401

MARTIN J. GALVIN
          Plaintiff
VS.

THE TOWN OF YARMOUTH,
PETER L. CARNES AND STEVEN XIARHOS
          Defendants

)
)
)
)
)
)
)

## WRITTEN NOTICE OF REMOVAL TO
## FEDERAL COURT PURSUANT TO 28 U.S.C. §1446(d)

A Notice of Removal of the above-captioned action from the Superior Court of the Commonwealth of Massachusetts, Barnstable County, to the United States District Court for the District of Massachusetts was duly filed on September 9, 2004, in the United States District Court for the District of Massachusetts. A copy of the Notice of Removal, certified by the United States District Court for the District of Massachusetts, having been duly filed with the Clerk for the Superior Court of the Commonwealth of Massachusetts, Barnstable County, in accordance with 28 U.S.C. §1446(d), the Superior Court shall proceed no further herein unless and until the case is remanded.

Respectfully submitted,

DEFENDANTS,
By their attorneys,

Leonard H. Kesten, BBO No. 542042
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Dated: September 14, 2004

hereby certify that a true copy of the
above document was served upon (each
party appearing pro se and) the attorney
of record for each (other) party by mail
by hand on  9/14/04

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-401 | Trial Court of Massachusetts Superior Court Department County: |
|---|---|---|

| PLTF(S) artin J. Galvin | DEFENDANT(S) Town of Yarmouth, Peter L. Carnes, and Steven Xiarhos |
|---|---|

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
atthew P. Zayotti, KMP, LLP
65 Franklin St.    (Tel.:617-951-1400)
oston, MA 02110    38265

ATTORNEY (if known)

SUPERIOR COURT
BARNSTABLE SS

FILED JUL 0 6 2004

Origin code and track designation

Place an x in one box only:
1. F01 Original Complaint
2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
3. F03 Retransfer to Sup.Ct.C.231,s.102C (X)

☐ 4. F04 District Court Appeal c.231, s.97, s.104 (After trial) (X)
☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
☐ 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B17 | Civil Rights | (A ) | (X )Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

Documented medical expenses to date:
1. Total hospital expenses .................................................. $.............
2. Total Doctor expenses .................................................... $.............
3. Total chiropractic expenses ............................................. $.............
4. Total physical therapy expenses ........................................ $.............
5. Total other expenses (describe) ........................................ $.............
                                                            Subtotal $.............

Documented lost wages and compensation to date ............................. $.............
Documented property damages to date ........................................ $.............
Reasonably anticipated future medical and hospital expenses ................ $.............
Reasonably anticipated lost wages .......................................... $.............
Other documented items of damages (describe) ............................... $.............

Brief description of plaintiff's injury, including nature and extent of injury (describe)
The Defendants wrongfully disseminated Plaintiff's criminal offender records
information in violation of his civil rights, causing the Plaintiff to lose
his employment, and causing him severe emotional distress.    $ 150,000
                                                            TOTAL $ 150,000

CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 7/6/04

AOTC-6 mic009-11/99
I.O.S.C. 1 2000

# COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, SS

TRIAL COURT OF THE
COMMONWEALTH
SUPERIOR COURT DEPARTMENT
Civil Action No.

MARTIN J. GALVIN, JR., ED.D.,

Plaintiff,

vs.

THE TOWN OF YARMOUTH, PETER
L. CARNES AND STEVEN XIARHOS,

Defendants.

RECEIVED
2004 AUG 23 PM 2:48
YARMOUTH
TOWN CLERK

## COMPLAINT

### INTRODUCTION

1.    In this action the Plaintiff Martin J. Galvin, Jr., Ed.D seeks to recover

damages against the Defendants, Town of Yarmouth, Peter L. Carnes and Steven

Xiarhos, for wrongful dissemination of Plaintiff's Criminal Offender Records

Information ("CORI") in violation of Mass. Gen. L. ch. 6, § 172, violation of the

Plaintiff's civil rights under Mass. Gen. L. ch. 12, §§ 11H and 11I, invasion of privacy in

violation of Mass. Gen. L. ch. 214, § 1B, tortious interference with contractual relations

and intentional and negligent infliction of emotional distress.

### PARTIES

2.    Plaintiff Martin J. Galvin, Jr. Ed.D. is an individual residing at 21

Coniston Avenue, Waterbury, Connecticut 06708.

Maureen MacDonald - 11964860.DCX

3.    The Defendant Town of Yarmouth is a municipal corporation located in Barnstable County, Massachusetts.

4.    The Defendant Peter L. Carnes ("Carnes") is an individual and, at all times relevant, was the Chief of Police of the Yarmouth Police Department. Upon information and belief, Carnes resides in Barnstable County, Massachusetts.

5.    The Defendant Steven G. Xiarhos ("Xiarhos") is an individual and, at all times relevant, was a Lieutenant in the Yarmouth Police Department. Upon information and belief, Xiarhos resides in Barnstable County, Massachusetts.

JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction over this action pursuant to Mass. Gen. L. ch. 212, § 4 which provides this Court general subject matter jurisdiction over all civil actions and pursuant to Mass. Gen. L. ch. 12, §§ 11H and 11I as this action involves a claims for violation of the Plaintiff's civil rights.

7.    Venue is proper pursuant to Mass. L. ch. 223, § 1 because the Defendants have a usual place of business and or reside, and the conduct complained of occurred, in this county.

FACTS

8.    On July 4, 2001, at approximately 8:00 p.m., Yarmouth Police Officers T. Hennessey and D. Dickey responded to the scene of a verbal altercation between off-duty Yarmouth Police Officer Lou Nickinello and Dr. Galvin.

9.    Upon arriving at the scene, Officers Hennessey and Dickey took Dr. Galvin into protective custody for intoxication and for allegedly making threats to cause damage to property.

2

10.    On July 5, 2001, at approximately 9:00 a.m., the Yarmouth Police Department released Dr. Galvin.

11.    On Monday, July 9, 2001, Dr. Galvin returned to work in his position of employment with the Waterbury Public Schools, in Waterbury, Connecticut, as Principal of Wilby High School.

12.    Shortly thereafter, Dr. Galvin received written notice from his employer by letter dated July 10, 2001, that the Yarmouth Police Department had reported the incident to his employer.

13.    Dr. Galvin subsequently learned during his divorce proceedings that the Defendants had actually disseminated the Yarmouth Police report, which constitutes and includes criminal offender records information ("CORI"), to his employer.

14.    Upon information and belief, the Yarmouth Police Department also disseminated the Police Report to Dr. Galvin's ex-wife, or her attorney, in connection with the divorce proceedings.

15.    During the divorce proceedings, Dr. Galvin's ex-wife introduced the confidential report in the divorce proceedings in support of her claim that Dr. Galvin was responsible for the break-down of the marriage.

16.    In so doing, Dr. Galvin's ex-wife provided Dr. Galvin with a copy of the confidential report, which included a fax cover sheet indicating that the Town of Yarmouth Chief of Police Peter L. Carnes and Lieutenant Steven G. Xiarhos had actually faxed the report to his employer.

RECEIVED 2004 AUG 23 PM 2 48 YARMOUTH TOWN CLERK

3

aureen MacDonald - 11864880.DOCX

17.    As a result of the Police Report and the CORI contained therein, Dr. Galvin's ex-wife was able to obtain a far more favorable divorce decree with respect to the division of property and alimony than she would otherwise have been able to obtain.

18.    The Police Report and the CORI contained therein influenced the Waterbury Public Schools to terminate Dr. Galvin as Principal of Wilby High School, and Dr. Galvin was subsequently reassigned to a position of employment in the Waterbury Adult Continuing Education department.

19.    The attention in the media surrounding Dr. Galvin's termination, which was widely reported both in local newspapers and on television, caused Dr. Galvin to experience severe emotional distress, including but not limited to embarrassment, depression, anguish, shame, and loss of sleep.

## COUNT I
### (Wrongful Dissemination of CORI)

20.    Plaintiff repeats the allegations contained in paragraphs 1 through 19 of this complaint as if fully set forth herein.

21.    Pursuant to Mass. Gen. L. ch. 6, § 172, the CORI may be disseminated "only to (a) criminal justice agencies; (b) such other agencies and individuals required to have access to such information by statute . . .; and (c) any other agencies and individuals where it has been determined [by the criminal history systems board (board), that the public interest in disseminating such information to these parties clearly outweighs the interest in security and privacy."

22.    Pursuant to Mass. Gen. L. ch. 6, § 167, CORI is defined as "records and data in any communicable form compiled by a criminal justice agency which concern an identifiable individual and relate to the nature or disposition of a criminal charge, an

4

Maureen MacDonald - 11964680.DCX

arrest, a pre-trial proceeding, other judicial proceedings, sentencing, incarceration, rehabilitation, or release."

23.   In disseminating the Police Report and the information contained therein, the Defendants disseminated CORI in violation of Mass. Gen. L. ch. 6, § 172.

24.   As a result of Defendants' actions, the Plaintiff suffered damages.

**COUNT II**
**(Mass. Gen. L. ch. 12, §§ 11H and 11I)**

25.   The Plaintiff repeats the allegations contained in paragraphs 1 through 24 of this complaint as if fully set forth herein.

26.   The Defendants have interfered with and attempted to interfere with the exercise or enjoyment by the Plaintiff of rights secured by the Constitution and laws of the United States, and of rights secured by the Declaration of Rights and laws of the Commonwealth of Massachusetts by means of threats, intimidation or coercion.

27.   As a result of the Defendants' actions, the Plaintiff suffered damages.

**COUNT III**
**(Invasion of Privacy)**

28.   The Plaintiff repeats the allegations contained in paragraphs 1 through 27 of this complaint as if fully set forth herein.

29.   Pursuant to Mass. L. ch. 214, § 1B, the Plaintiff had a "right against unreasonable, substantial or serious interference with his privacy."

30.   The Defendants' dissemination of the Police Report and the information contained therein constituted an unreasonable, substantial or serious interference with Plaintiff's privacy in violation of Mass. Gen. L. ch. 214, § 1B.

31.   As a result of Defendants' conduct, the Plaintiff has suffered damages.

5

RECEIVED
JAN 23 PM 2:49
CLERK
RGS

## COUNT IV
### (Tortious Interference with Contractual Relations)

32.     The Plaintiff repeats the allegations contained in paragraphs 1 through 31 of this complaint as if fully set forth herein.

33.     The Plaintiff had existing contractual relations with his employer the Water Public Schools.

34.     The Defendants knew or should have known of the contractual relations between the Plaintiff and his employer.

35.     The Defendants intentionally and improperly interfered with Plaintiff's contractual relations with his employer.

36.     As a direct result of the Defendants' interference with Plaintiff's contractual relations with his employer, the Plaintiff suffered damages, humiliation and severe emotional distress.

## COUNT V
### (Intentional Infliction of Emotional Distress)

37.     The Plaintiff repeats the allegations contained in paragraphs 1 through 36 of this complaint as if fully set forth herein.

38.     By the acts described above, Defendants intended to inflict emotional distress upon the Plaintiff or should have known that emotional distress was the likely result of their conduct.

39.     Such conduct on the part of Defendants constitutes extreme and outrageous conduct which resulted in severe emotional distress to the Plaintiff.

40.     The Defendants' actions were the cause of Plaintiff's emotional distress.

## COUNT VI
### (Negligent Infliction of Emotional Distress)

6

Bureen MacDonald - 11964680.DCX

41.    The Plaintiff repeats the allegations contained in paragraphs 1 through 40 of this complaint as if fully set forth herein.

42.    By the acts described above, the Defendants negligently inflicted emotional distress upon the Plaintiff.

43.    Such conduct on the part of the Defendants was the cause of Plaintiff's emotional distress.

44.    The emotional distress to the Plaintiff was the foreseeable result of the Defendants' conduct, and a reasonable person in similar circumstances would have suffered severe emotional distress as a result of Defendants' actions.

WHEREFORE, the Plaintiff prays that this Court:

1.    Enter judgment in favor of the Plaintiff in an amount to be determined after trial, including an award of damages, punitive and exemplary damages, interest, costs and reasonable attorneys' fees; and

2.    Enter judgment in favor of the Plaintiff for such other and further relief as this Court deems just and proper.

THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO
TRIADLE.

MARTIN J. GALVIN, JR., ED.D.

By his attorney,

Matthew P. Zayotti, BBO #638265
Keegan, Werlin & Pabian, LLP
265 Franklin Street
Boston, Massachusetts 02110-3113
(617) 951-1400

Dated:  July 6 , 2004

RECEIVED
2004 MAY 23 PM 2:49
TOWN CLERK

# COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, SS

TRIAL COURT OF THE
COMMONWEALTH
SUPERIOR COURT DEPARTMENT
Civil Action No.  04-401

---

MARTIN J. GALVIN, JR., ED.D.,

        Plaintiff,

vs.

THE TOWN OF YARMOUTH, PETER
L. CARNES AND STEVEN XIARHOS,

        Defendants.

---

#3

## AFFIDAVIT OF SERVICE

    I, Matthew P. Zayotti, Esq., do hereby certify state and depose as follows:

    1.     I am an associate with the law firm Keegan, Werlin & Pabian, LLP.

    2.     I am presently, and since 1997, I have been, an attorney in good standing of the bar of the Commonwealth of Massachusetts.

    3.     I represent the Plaintiff, Martin J. Galvin, Jr., Ed.D., in connection with the above-captioned matter.

    4.     On August 19, 2004, I caused a letter and copies of a Summons, Civil Action Cover Sheet, Complaint and Tracking Order, true and accurate copies of which are attached hereto as <u>Exhibit A</u>, to be served upon the Town of Yarmouth pursuant to Mass. R. Civ. P. 4(d)(4) by mailing the same to the treasurer or the clerk thereof by certified mail, return receipt requested as follows:

Town Clerk or Treasurer
Yarmouth Town Hall
1146 Rout 28
South Yarmouth, Massachusetts 02664-4492

5.    Attached hereto as <u>Exhibit B</u> is the original Domestic Return Receipt,

evidencing delivery of the items described in paragraph 4 hereof to the Town Clerk or

Treasurer of Yarmouth.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS

_____30th_____ DAY OF AUGUST, 2004.

Exhibit H

# KEEGAN, WERLIN & PABIAN, LLP

ATTORNEYS AT LAW
265 FRANKLIN STREET
BOSTON, MASSACHUSETTS 02110-3113

TELECOPIERS:
(617) 951-1354
(617) 951-0586

(617) 951-1400

July 6, 2004

**VIA OPTIMA**

Civil Clerk's Office
Barnstable Superior Court
3195 Main Street
Barnstable, Massachusetts 02630

     Re:    <u>Martin J. Galvin, Ed.D. v. Town of Yarmouth, et al.</u>

Dear Sir or Madam:

In connection with the above-referenced matter, enclosed please find the following:

    1.    Civil Action Cover Sheet;

    2.    Complaint; and

    3.    Check in the amount of $290.

Kindly stamp the date and docket number on the enclosed copy of the complaint and send the same back to me along with three (3) summonses in the enclosed self-addressed, postage prepaid envelope.

Thank you for your assistance with this matter.

Very truly yours,

Matthew P. Zayotti

Enclosures

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County:_____ |
|---|---|---|

| PLAINTIFF(S) Martin J. Galvin | DEFENDANT(S) Town of Yarmouth, Peter L. Carnes, and Steven Xiarhos |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Matthew P. Zayotti, KWP, LLP 265 Franklin St. (Tel.:617-951-1400) Boston, MA 02110  38265 | ATTORNEY (if known) |

### Origin code and track designation

Place an x in one box only:

[ ] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E17 | Civil Rights | (A ) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . $ . . .
2. Total Doctor expenses . . . . . . . . $ . . .
3. Total chiropractic expenses . . . . . . . . $ . . .
4. Total physical therapy expenses . . . . . . . . $ . . .
5. Total other expenses (describe) . . . . . . . . $ . . .
Subtotal $ . . .
Documented lost wages and compensation to date . . . . . . . . $ . . .
Documented property damages to date . . . . . . . . $ . . .
Reasonably anticipated future medical and hospital expenses . . . . . . . . $ . . .
Reasonably anticipated lost wages . . . . . . . . $ . . .
Other documented items of damages (describe)
$ . . .

Brief description of plaintiff's injury, including nature and extent of injury (describe)
The Defendants wrongfully disseminated Plaintiff's criminal offender records information in violation of his civil rights, causing the Plaintiff to lose his employment, and causing him severe emotional distress. $ 150,000
TOTAL $ 150,000

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 7/6/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

(TO PLAINTIFF'S ATTORNEY:  PLEASE CIRCLE TYPE OF ACTION INVOLVED:  CONTRACT    TORT
MOTOR VEHICLE TORT        EQUITABLE RELIEF              OTHER)

# Commonwealth of Massachusetts

BARNSTABLE, ss.

SUPERIOR COURT
No.04-401

Martin J. Galvin, Jr.

COPY

VS.

The Town of Yarmouth, Peter L. Carnes and Steven Xiarhos

## SUMMONS

To the above-named defendant  :  Peter L. Carnes

You are hereby summoned and required to serve upon  Matthew P. Zayotti

Keegan, Werlin & Pabian ................................................................ plaintiff's attorney, whose address is

265 Franklin Street, Boston, MA 02110 ............................................................., an answer to the
complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Barnstable either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**Witness,** SUZANNE V. DEL VECCHIO **Esquire,** at Barnstable, the ............7th............

day of ......July...................................., in the year of our Lord two thousand and ....Four.............

Scott W. Nickerson  Clerk

**NOTE:**  When more than one defendant is involved, the names of all defendants shall appear in the caption. If a
separate summons is issued for each defendant, each should be addressed to the particular defendant.

## NOTICE TO DEFENDANT

You need not appear personally in court to answer the complaint but if you claim to have a defense,
either you or your attorney must serve a copy of your written answer within 20 days as specified
herein and also file the original in the Clerk's office.

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:    CONTRACT    TORT
MOTOR VEHICLE TORT          EQUITABLE RELIEF              OTHER)

# Commonwealth of Massachusetts

BARNSTABLE, ss.

SUPERIOR COURT
No. 04-401

COPY

Martin J. Galvin, Jr.

VS.

The Town of Yarmouth, Peter L. Carnes and Steven Xiarhos

## SUMMONS

To the above-named defendant  : Steven Xiarhos

You are hereby summoned and required to serve upon Matthew P. Zayotti

Keegan, Werlin & Pabian ......................................................... plaintiff's attorney, whose address is

265 Franklin Street, Boston, MA 02110 ........................................., an answer to the
complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Barnstable either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**Witness,** SUZANNE V. DEL VECCHIO **Esquire,** at Barnstable, the .......7th........................................

day of ......July............................................, in the year of our Lord two thousand and .......Four....................... .

Scott W. Nickerson    Clerk

**NOTE:** When more than one defendant is involved, the names of all defendants shall appear in the caption. If a
separate summons is issued for each defendant, each should be addressed to the particular defendant.

## NOTICE TO DEFENDANT

You need not appear personally in court to answer the complaint but if you claim to have a defense,
either you or your attorney must serve a copy of your written answer within 20 days as specified
herein and also file the original in the Clerk's office.

# COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, SS

TRIAL COURT OF THE
COMMONWEALTH
SUPERIOR COURT DEPARTMENT
Civil Action No.

---

**MARTIN J. GALVIN, JR., ED.D.,**

**Plaintiff,**

**vs.**

**THE TOWN OF YARMOUTH, PETER
L. CARNES AND STEVEN XIARHOS,**

**Defendants.**

---

# COMPLAINT

## INTRODUCTION

1.      In this action the Plaintiff Martin J. Galvin, Jr., Ed.D seeks to recover damages against the Defendants, Town of Yarmouth, Peter L. Carnes and Steven Xiarhos, for wrongful dissemination of Plaintiff's Criminal Offender Records Information ("CORI") in violation of Mass. Gen. L. ch. 6, § 172, violation of the Plaintiff's civil rights under Mass. Gen. L. ch. 12, §§ 11H and 11I, invasion of privacy in violation of Mass. Gen. L. ch. 214, § 1B, tortious interference with contractual relations and intentional and negligent infliction of emotional distress.

## PARTIES

2.      Plaintiff Martin J. Galvin, Jr. Ed.D. is an individual residing at 21 Coniston Avenue, Waterbury, Connecticut 06708.

3.    The Defendant Town of Yarmouth is a municipal corporation located in Barnstable County, Massachusetts.

4.    The Defendant Peter L. Carnes ("Carnes") is an individual and, at all times relevant, was the Chief of Police of the Yarmouth Police Department.  Upon information and belief, Carnes resides in Barnstable County, Massachusetts:

5.    The Defendant Steven G. Xiarhos ("Xiarhos") is an individual and, at all times relevant, was a Lieutenant in the Yarmouth Police Department.  Upon information and belief, Xiarhos resides in Barnstable County, Massachusetts.

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction over this action pursuant to Mass. Gen. L. ch. 212, § 4 which provides this Court general subject matter jurisdiction over all civil actions and pursuant to Mass. Gen. L. ch. 12, §§ 11H and 11I as this action involves a claims for violation of the Plaintiff's civil rights.

7.    Venue is proper pursuant to Mass. Gen. L. ch. 223, § 1 because the Defendants have a usual place of business and or reside, and the conduct complained of occurred, in this county.

## FACTS

8.    On July 4, 2001, at approximately 8:00 p.m., Yarmouth Police Officers T. Hennessey and D. Dickey responded to the scene of a verbal altercation between off-duty Yarmouth Police Officer Lou Nickinello and Dr. Galvin.

9.    Upon arriving at the scene, Officers Hennessey and Dickey took Dr. Galvin into protective custody for intoxication and for allegedly making threats to cause damage to property.

2

10.     On July 5, 2001, at approximately 9:00 a.m., the Yarmouth Police
Department released Dr. Galvin.

11.     On Monday, July 9, 2001, Dr. Galvin returned to work in his position of
employment with the Waterbury Public Schools, in Waterbury, Connecticut, as Principal
of Wilby High School.

12.     Shortly thereafter, Dr. Galvin received written notice from his employer
by letter dated July 10, 2001, that the Yarmouth Police Department had reported the
incident to his employer.

13.     Dr. Galvin subsequently learned during his divorce proceedings that the
Defendants had actually disseminated the Yarmouth Police report, which constitutes and
includes criminal offender records information ("CORI"), to his employer.

14.     Upon information and belief, the Yarmouth Police Department also
disseminated the Police Report to Dr. Galvin's ex- wife, or her attorney, in connection
with the divorce proceedings.

15.     During the divorce proceedings, Dr. Galvin's ex-wife introduced the
confidential report in the divorce proceedings in support of her claim that Dr. Galvin was
responsible for the break-down of the marriage.

16.     In so doing, Dr. Galvin's ex-wife provided Dr. Galvin with a copy of the
confidential report, which included a fax cover sheet indicating that the Town of
Yarmouth Chief of Police Peter L. Carnes and Lieutenant Steven G. Xiarhos had actually
faxed the report to his employer.

17.    As a result of the Police Report and the CORI contained therein, Dr. Galvin's ex-wife was able to obtain a far more favorable divorce decree with respect to the division of property and alimony than she would otherwise have been able to obtain.

18.    The Police Report and the CORI contained therein influenced the Waterbury Public Schools to terminate Dr. Galvin as Principal of Wilby High School, and Dr. Galvin was subsequently reassigned to a position of employment in the Waterbury Adult Continuing Education department.

19.    The attention in the media surrounding Dr. Galvin's termination, which was widely reported both in local newspapers and on television, caused Dr. Galvin to experience severe emotional distress, including but not limited to embarrassment, depression, anguish, shame, and loss of sleep.

### COUNT I
### (Wrongful Dissemination of CORI)

20.    Plaintiff repeats the allegations contained in paragraphs 1 through 19 of this complaint as if fully set forth herein.

21.    Pursuant to Mass. Gen. L. ch. 6, § 172, the CORI may be disseminated "only to (a) criminal justice agencies; (b) such other agencies and individuals required to have access to such information by statute . . .; and (c) any other agencies and individuals where it has been determined [by the criminal history systems board (board), that the public interest in disseminating such information to these parties clearly outweighs the interest in security and privacy."

22.    Pursuant to Mass. Gen. L. ch. 6, § 167, CORI is defined as "records and data in any communicable form compiled by a criminal justice agency which concern an identifiable individual and relate to the nature or disposition of a criminal charge, an

arrest, a pre-trial proceeding, other judicial proceedings, sentencing, incarceration, rehabilitation, or release."

23.     In disseminating the Police Report and the information contained therein, the Defendants disseminated CORI in violation of Mass. Gen. L. ch. 6, § 172.

24.     As a result of Defendants' actions, the Plaintiff suffered damages.

## COUNT II
### (Mass. Gen. L. ch. 12, §§ 11H and 11I)

25.     The Plaintiff repeats the allegations contained in paragraphs 1 through 24 of this complaint as if fully set forth herein.

26.     The Defendants have interfered with and attempted to interfere with the exercise or enjoyment by the Plaintiff of rights secured by the Constitution and laws of the United States, and of rights secured by the Declaration of Rights and laws of the Commonwealth of Massachusetts by means of threats, intimidation or coercion.

27.     As a result of the Defendants' actions, the Plaintiff suffered damages.

## COUNT III
### (Invasion of Privacy)

28.     The Plaintiff repeats the allegations contained in paragraphs 1 through 27 of this complaint as if fully set forth herein.

29.     Pursuant to Mass. Gen. L. ch. 214, § 1B, the Plaintiff had a "right against unreasonable, substantial or serious interference with his privacy."

30.     The Defendants' dissemination of the Police Report and the information contained therein constituted an unreasonable, substantial or serious interference with Plaintiff's privacy in violation of Mass. Gen. L. ch. 214, § 1B.

31.     As a result of Defendants' conduct, the Plaintiff has suffered damages.

## COUNT IV
### (Tortious Interference with Contractual Relations)

32.     The Plaintiff repeats the allegations contained in paragraphs 1 through 31 of this complaint as if fully set forth herein.

33.     The Plaintiff had existing contractual relations with his employer the Water Public Schools.

34.     The Defendants knew or should have known of the contractual relations between the Plaintiff and his employer.

35.     The Defendants intentionally and improperly interfered with Plaintiff's contractual relations with his employer.

36.     As a direct result of the Defendants' interference with Plaintiff's contractual relations with his employer, the Plaintiff suffered damages, humiliation and severe emotional distress.

## COUNT V
### (Intentional Infliction of Emotional Distress)

37.     The Plaintiff repeats the allegations contained in paragraphs 1 through 36 of this complaint as if fully set forth herein.

38.     By the acts described above, Defendants intended to inflict emotional distress upon the Plaintiff or should have known that emotional distress was the likely result of their conduct.

39.     Such conduct on the part of Defendants constitutes extreme and outrageous conduct which resulted in severe emotional distress to the Plaintiff.

40.     The Defendants' actions were the cause of Plaintiff's emotional distress.

## COUNT VI
### (Negligent Infliction of Emotional Distress)

6

41.    The Plaintiff repeats the allegations contained in paragraphs 1 through 40 of this complaint as if fully set forth herein.

42.    By the acts described above, the Defendants negligently inflicted emotional distress upon the Plaintiff.

43.    Such conduct on the part of the Defendants was the cause of Plaintiff's emotional distress.

44.    The emotional distress to the Plaintiff was the foreseeable result of the Defendants' conduct, and a reasonable person in similar circumstances would have suffered severe emotional distress as a result of Defendants' actions.

WHEREFORE, the Plaintiff prays that this Court:

1.    Enter judgment in favor of the Plaintiff in an amount to be determined after trial, including an award of damages, punitive and exemplary damages, interest, costs and reasonable attorneys' fees; and

2.    Enter judgment in favor of the Plaintiff for such other and further relief as this Court deems just and proper.

THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO

TRIABLE.

                        MARTIN J. GALVIN, JR., ED.D.

                        By his attorney,

                        Matthew P. Zayotti, BBO #638265
                        Keegan, Werlin & Pabian, LLP
                        265 Franklin Street
                        Boston, Massachusetts 02110-3113
                        (617) 951-1400

Dated: July 6 , 2004

Exhibit B

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Janue Stool_  ☐ Agent ☐ Addressee<br>B. Received by ( *Printed Name*)   C. Date of Delivery  8/20/04 |
| 1. Article Addressed to:<br><br>Town Clerk or Treasurer<br>Yarmouth Town Hall<br>1146 Route 28<br>South Yarmouth, MA<br>02664-4492 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below:  ☐ No<br><br><br>3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered  ☑ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? *(Extra Fee)*  ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)*   7001 1940 0004 9550 0140 | |

PS Form 3811, August 2001          Domestic Return Receipt          102595-02-M-1540

(TO PLAINTIFF'S ATTORNEY:   PLEASE CIRCLE TYPE OF ACTION INVOLVED:   CONTRACT    TORT
MOTOR VEHICLE TORT          EQUITABLE RELIEF                OTHER)

# Commonwealth of Massachusetts

BARNSTABLE, ss.

SUPERIOR COURT #2
No. 04-401

SUPERIOR COURT
BARNSTABLE SS

FILED    AUG 2 6 2004

_____ Clerk

Martin J. Galvin, Jr.

VS.

The Town of Yarmouth, Peter L. Carnes and Steven Xiarhos

## SUMMONS

To the above-named defendant  :  Peter L. Carnes

    You are hereby summoned and required to serve upon  Matthew P. Zayotti

Keegan, Werlin & Pabian _____ plaintiff's attorney, whose address is

265 Franklin Street, Boston, MA 02110 _____, an answer to the
complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Barnstable either before service upon plaintiff's attorney or within a reasonable
time thereafter.

    Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

    **Witness,** SUZANNE V. DEL VECCHIO **Esquire,** at Barnstable, the _____7.th_____

day of ___July_____, in the year of our Lord two thousand and ___Four_____.

_____ Clerk

**NOTE:**  When more than one defendant is involved, the names of all defendants shall appear in the caption. If a
separate summons is issued for each defendant, each should be addressed to the particular defendant.

## NOTICE TO DEFENDANT

    You need not appear personally in court to answer the complaint but if you claim to have a defense,
either you or your attorney must serve a copy of your written answer within 20 days as specified
herein and also file the original in the Clerk's office.

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:   CONTRACT    TORT
MOTOR VEHICLE TORT          EQUITABLE RELIEF               OTHER)

# Commonwealth of Massachusetts

BARNSTABLE, ss.

SUPERIOR COURT
No. 04-401

SUPERIOR COURT
BARNSTABLE SS

FILED   AUG 2 6 200*

*Scott W. Nickerson* Clerk

Martin J. Galvin, Jr.

VS.

The Town of Yarmouth, Peter L. Carnes and Steven Xiarhos

## SUMMONS

To the above-named defendant  : Steven Xiarhos

You are hereby summoned and required to serve upon Matthew P. Zayotti

Keegan, Werlin & Pabian ............................................ plaintiff's attorney, whose address is

265 Franklin Street, Boston, MA 02110 ........................, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Barnstable either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO Esquire, at Barnstable, the ......7th

day of .........July............, in the year of our Lord two thousand and .......Four

*Scott W. Nickerson*  Clerk

**NOTE:** When more than one defendant is involved, the names of all defendants shall appear in the caption. If a separate summons is issued for each defendant, each should be addressed to the particular defendant.

## NOTICE TO DEFENDANT

You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-401 | Trial Court of Massachusetts Superior Court Department County:_____ |
|---|---|---|

| PLAINTIFF(S) Martin J. Galvin | DEFENDANT(S) Town of Yarmouth, Peter L. Carnes, and Steven Xiarhos |
|---|---|

SUPERIOR COURT
BARNSTABLE SS

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
Matthew P. Zayotti, KWP, LLP
265 Franklin St.   (Tel.:617-951-1400)
Boston, MA 02110   38265
BBO approved number

ATTORNEY (if known)

FILED  JUL 0 6 2004

_Scot A. Nickerson_  Clerk

## Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

#1

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E17 | Civil Rights | (A  ) | (X ) Yes    (  ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................................... $ ............
2. Total Doctor expenses ............................................................. $ ............
3. Total chiropractic expenses ...................................................... $ ............
4. Total physical therapy expenses ................................................. $ ............
5. Total other expenses (describe) .................................................. $ ............

Subtotal $ ............

B. Documented lost wages and compensation to date .................................... $ ............
C. Documented property damages to date ................................................ $ ............
D. Reasonably anticipated future medical and hospital expenses ......................... $ ............
E. Reasonably anticipated lost wages .................................................. $ ............
F. Other documented items of damages (describe)

$ ............

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
The Defendants wrongfully disseminated Plaintiff's criminal offender records
information in violation of his civil rights, causing the Plaintiff to lose
his employment, and causing him severe emotional distress.

$ 150,000 ....
TOTAL $ 150,000 ....

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Matthew J. Zayotti._     DATE: 7/6/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

SUPERIOR COURT
BARNSTABLE SS

FILED JUL 0 3 2001

_____ Clerk

# COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, SS

TRIAL COURT OF THE
COMMONWEALTH      04-401
SUPERIOR COURT DEPARTMENT
Civil Action No.

2539A000007/07/04CIVIL ENTR    240.00
2539A000007/07/04SURCHARGE      15.00
2539A000007/07/04SECC           20.00
2539A000007/07/04SUMMONS        15.00

---

**MARTIN J. GALVIN, JR., ED.D.,**

**Plaintiff,**

vs.

**THE TOWN OF YARMOUTH, PETER
L. CARNES AND STEVEN XIARHOS,**

**Defendants.**

---

## COMPLAINT

### INTRODUCTION

1.      In this action the Plaintiff Martin J. Galvin, Jr., Ed.D seeks to recover

damages against the Defendants, Town of Yarmouth, Peter L. Carnes and Steven

Xiarhos, for wrongful dissemination of Plaintiff's Criminal Offender Records

Information ("CORI") in violation of Mass. Gen. L. ch. 6, § 172, violation of the

Plaintiff's civil rights under Mass. Gen. L. ch. 12, §§ 11H and 11I, invasion of privacy in

violation of Mass. Gen. L. ch. 214, § 1B, tortious interference with contractual relations

and intentional and negligent infliction of emotional distress.

### PARTIES

2.      Plaintiff Martin J. Galvin, Jr. Ed.D. is an individual residing at 21

Coniston Avenue, Waterbury, Connecticut 06708.

3.    The Defendant Town of Yarmouth is a municipal corporation located in Barnstable County, Massachusetts.

4.    The Defendant Peter L. Carnes ("Carnes") is an individual and, at all times relevant, was the Chief of Police of the Yarmouth Police Department. Upon information and belief, Carnes resides in Barnstable County, Massachusetts.

5.    The Defendant Steven G. Xiarhos ("Xiarhos") is an individual and, at all times relevant, was a Lieutenant in the Yarmouth Police Department. Upon information and belief, Xiarhos resides in Barnstable County, Massachusetts.

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction over this action pursuant to Mass. Gen. L. ch. 212, § 4 which provides this Court general subject matter jurisdiction over all civil actions and pursuant to Mass. Gen. L. ch. 12, §§ 11H and 11I as this action involves a claims for violation of the Plaintiff's civil rights.

7.    Venue is proper pursuant to Mass. Gen. L. ch. 223, § 1 because the Defendants have a usual place of business and or reside, and the conduct complained of occurred, in this county.

## FACTS

8.    On July 4, 2001, at approximately 8:00 p.m., Yarmouth Police Officers T. Hennessey and D. Dickey responded to the scene of a verbal altercation between off-duty Yarmouth Police Officer Lou Nickinello and Dr. Galvin.

9.    Upon arriving at the scene, Officers Hennessey and Dickey took Dr. Galvin into protective custody for intoxication and for allegedly making threats to cause damage to property.

2

10.    On July 5, 2001, at approximately 9:00 a.m., the Yarmouth Police Department released Dr. Galvin.

11.    On Monday, July 9, 2001, Dr. Galvin returned to work in his position of employment with the Waterbury Public Schools, in Waterbury, Connecticut, as Principal of Wilby High School.

12.    Shortly thereafter, Dr. Galvin received written notice from his employer by letter dated July 10, 2001, that the Yarmouth Police Department had reported the incident to his employer.

13.    Dr. Galvin subsequently learned during his divorce proceedings that the Defendants had actually disseminated the Yarmouth Police report, which constitutes and includes criminal offender records information ("CORI"), to his employer.

14.    Upon information and belief, the Yarmouth Police Department also disseminated the Police Report to Dr. Galvin's ex- wife, or her attorney, in connection with the divorce proceedings.

15.    During the divorce proceedings, Dr. Galvin's ex-wife introduced the confidential report in the divorce proceedings in support of her claim that Dr. Galvin was responsible for the break-down of the marriage.

16.    In so doing, Dr. Galvin's ex-wife provided Dr. Galvin with a copy of the confidential report, which included a fax cover sheet indicating that the Town of Yarmouth Chief of Police Peter L. Carnes and Lieutenant Steven G. Xiarhos had actually faxed the report to his employer.

17.    As a result of the Police Report and the CORI contained therein, Dr.

Galvin's ex-wife was able to obtain a far more favorable divorce decree with respect to

the division of property and alimony than she would otherwise have been able to obtain.

18.    The Police Report and the CORI contained therein influenced the

Waterbury Public Schools to terminate Dr. Galvin as Principal of Wilby High School,

and Dr. Galvin was subsequently reassigned to a position of employment in the

Waterbury Adult Continuing Education department.

19.    The attention in the media surrounding Dr. Galvin's termination, which

was widely reported both in local newspapers and on television, caused Dr. Galvin to

experience severe emotional distress, including but not limited to embarrassment,

depression, anguish, shame, and loss of sleep.

## COUNT I
### (Wrongful Dissemination of CORI)

20.    Plaintiff repeats the allegations contained in paragraphs 1 through 19 of

this complaint as if fully set forth herein.

21.    Pursuant to Mass. Gen. L. ch. 6, § 172, the CORI may be disseminated

"only to (a) criminal justice agencies; (b) such other agencies and individuals required to

have access to such information by statute . . .; and (c) any other agencies and individuals

where it has been determined [by the criminal history systems board (board), that the

public interest in disseminating such information to these parties clearly outweighs the

interest in security and privacy."

22.    Pursuant to Mass. Gen. L. ch. 6, § 167, CORI is defined as "records and

data in any communicable form compiled by a criminal justice agency which concern an

identifiable individual and relate to the nature or disposition of a criminal charge, an

4

arrest, a pre-trial proceeding, other judicial proceedings, sentencing, incarceration, rehabilitation, or release."

23.    In disseminating the Police Report and the information contained therein, the Defendants disseminated CORI in violation of Mass. Gen. L. ch. 6, § 172.

24.    As a result of Defendants' actions, the Plaintiff suffered damages.

## COUNT II
### (Mass. Gen. L. ch. 12, §§ 11H and 11I)

25.    The Plaintiff repeats the allegations contained in paragraphs 1 through 24 of this complaint as if fully set forth herein.

26.    The Defendants have interfered with and attempted to interfere with the exercise or enjoyment by the Plaintiff of rights secured by the Constitution and laws of the United States, and of rights secured by the Declaration of Rights and laws of the Commonwealth of Massachusetts by means of threats, intimidation or coercion.

27.    As a result of the Defendants' actions, the Plaintiff suffered damages.

## COUNT III
### (Invasion of Privacy)

28.    The Plaintiff repeats the allegations contained in paragraphs 1 through 27 of this complaint as if fully set forth herein.

29.    Pursuant to Mass. Gen. L. ch. 214, § 1B, the Plaintiff had a "right against unreasonable, substantial or serious interference with his privacy."

30.    The Defendants' dissemination of the Police Report and the information contained therein constituted an unreasonable, substantial or serious interference with Plaintiff's privacy in violation of Mass. Gen. L. ch. 214, § 1B.

31.    As a result of Defendants' conduct, the Plaintiff has suffered damages.

## COUNT IV
### (Tortious Interference with Contractual Relations)

32.     The Plaintiff repeats the allegations contained in paragraphs 1 through 31 of this complaint as if fully set forth herein.

33.     The Plaintiff had existing contractual relations with his employer the Water Public Schools.

34.     The Defendants knew or should have known of the contractual relations between the Plaintiff and his employer.

35.     The Defendants intentionally and improperly interfered with Plaintiff's contractual relations with his employer.

36.     As a direct result of the Defendants' interference with Plaintiff's contractual relations with his employer, the Plaintiff suffered damages, humiliation and severe emotional distress.

## COUNT V
### (Intentional Infliction of Emotional Distress)

37.     The Plaintiff repeats the allegations contained in paragraphs 1 through 36 of this complaint as if fully set forth herein.

38.     By the acts described above, Defendants intended to inflict emotional distress upon the Plaintiff or should have known that emotional distress was the likely result of their conduct.

39.     Such conduct on the part of Defendants constitutes extreme and outrageous conduct which resulted in severe emotional distress to the Plaintiff.

40.     The Defendants' actions were the cause of Plaintiff's emotional distress.

## COUNT VI
### (Negligent Infliction of Emotional Distress)

6

41.    The Plaintiff repeats the allegations contained in paragraphs 1 through 40 of this complaint as if fully set forth herein.

42.    By the acts described above, the Defendants negligently inflicted emotional distress upon the Plaintiff.

43.    Such conduct on the part of the Defendants was the cause of Plaintiff's emotional distress.

44.    The emotional distress to the Plaintiff was the foreseeable result of the Defendants' conduct, and a reasonable person in similar circumstances would have suffered severe emotional distress as a result of Defendants' actions.

WHEREFORE, the Plaintiff prays that this Court:

1.    Enter judgment in favor of the Plaintiff in an amount to be determined after trial, including an award of damages, punitive and exemplary damages, interest, costs and reasonable attorneys' fees; and

2.    Enter judgment in favor of the Plaintiff for such other and further relief as this Court deems just and proper.

THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO

TRIABLE.

MARTIN J. GALVIN, JR., ED.D.

By his attorney,

Matthew P. Zayotti, BBO #638265
Keegan, Werlin & Pabian, LLP
265 Franklin Street
Boston, Massachusetts 02110-3113
(617) 951-1400

Dated: July 6, 2004