UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04--11958-RGS

MARTIN J. GALVIN, JR., ED.D, )
         Plaintiff )
VS. )
 )
THE TOWN OF YARMOUTH, )
PETER L. CARNES AND STEVEN XIARHOS )
         Defendants )

### DEFENDANTS' MOTION FOR THE PRODUCTION OF STATE AND FEDERAL CRIMINAL RECORD OF THE PLAINTIFF

The defendants respectfully request that this Court enter an Order permitting counsel, their clients, claims representatives, and expert witnesses access to all State and Federal conviction and probation records of the plaintiff, Martin J. Galvin, Jr., Ed.D. In support of this Motion, the defendants state the following grounds:

1.     Fed. R. Civ. P. 26(b)(1) provides in part that "[p]arties may obtain discovery regarding any mater, not privileged, that is relevant to the claim or defense of any party… Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

2.     The plaintiff seeks to recover damages against the defendants "for wrongful dissemination of Plaintiff's Criminal Offender Records Information" in violation of his rights. (Complaint, ¶1, attached as Exhibit 1). It follows that the plaintiff has made his criminal record a central issue in this case, and the defendants are therefore entitled to review it in the course of discovery.

3.     The plaintiff has specifically alleged that the wrongful dissemination of his criminal record information resulted in his ex-wife obtaining "a far more favorable divorce decree with respect to the division of property and alimony than she would otherwise have been able to obtain." (Complaint, ¶17). The content of the plaintiff's

criminal record is therefore directly relevant to his theories of causation and his claims for damages.

4.    The plaintiff has further alleged that the wrongful dissemination of his criminal record information influenced his employer, the Waterbury Connecticut Public Schools, "to terminate Dr. Galvin as Principal of Wilby High School, and Dr. Galvin was subsequently reassigned to a position of employment in the Waterbury Adult Continuing Education department." This allegation reinforces the direct connection between the plaintiff's criminal record information with his theories of causation and claims for damages.

5.    A proposed Order for the conviction and probation records is attached hereto as Exhibit "2".

Wherefore, the defendants respectfully move for the allowance of their Motion and the entry of the attached proposed Order.

>  Respectfully Submitted,
>  By their attorneys,
>
>  /s/ Thomas P. Campbell
>  Thomas P. Campbell, BBO#564124
>  Leonard H. Kesten, BBO# 542042
>  Brody, Hardoon, Perkins & Kesten, LLP
>  One Exeter Plaza
>  Boston, MA 02116
>  (617) 880-7100

## CERTIFICATION PURSUANT TO L.R. 7.1(A)(2)

I, Thomas P. Campbell, counsel for the defendants, hereby certify that on February 10, 2005 I conferred with counsel for the plaintiff, Matthew P. Zayotti, in a good faith attempt to resolve or narrow the issue presented in this motion.

/s/Thomas P. Campbell
Thomas P. Campbell

Dated: February 11, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04--11958-RGS

MARTIN J. GALVIN, JR., ED.D, )
        Plaintiff )
VS. )
 )
THE TOWN OF YARMOUTH, )
PETER L. CARNES AND STEVEN XIARHOS )
        Defendants )

## ORDER FOR PRODUCTION OF CRIMINAL AND PROBATION RECORDS

Upon leave of Court and pursuant to applicable Federal and/or State law, access is granted to counsel, their clients, claims representatives, and expert witnesses to any state and Federal criminal and probation records of:

1.         Martin J. Galvin, Jr., Ed.D.
        DOB: 3/6/1945
        SSN: 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

        SO ORDERED.

        By the Court:

        _____
        Hon. Richard G. Stearns
        United States District Court