UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04--11958-RGS

MARTIN J. GALVIN, JR., ED.D, )
         Plaintiff )
VS. )
 )
THE TOWN OF YARMOUTH, )
PETER L. CARNES AND STEVEN XIARHOS )
         Defendants )

### JOINT MOTION TO EXTEND DISPOSITIVE MOTION DEADLINE

The parties hereby jointly request an extension of the Court's deadline for the filing of dispositive motions for a period of one month, with the deadline to be changed from March 1 to March 31, 2006. In support of this motion, the parties cite the following grounds:

1. This is a civil rights case alleging the wrongful disclosure of Criminal Offender Record Information pertaining to the plaintiff. It is alleged that the defendants wrongfully conveyed certain information to the plaintiff's employer, which is the Waterbury, Connecticut School Department. The plaintiff alleges that as a result, his employment status was negatively affected.

2. The parties have completed discovery. However, despite the diligent and cooperative efforts of counsel for the plaintiff and defendant, several factors delayed the completion of discovery, including the distant location of essential documents and witnesses.

3. The parties wish to file dispositive motions and assert that their motions are meritorious. The defendants state that their motion will seek to dispose of all counts in the plaintiff's complaint.

4. The parties worked diligently to obtain required discovery from the City of Waterbury School Department in Connecticut, and although the process is complete, it took a significant amount of time. The materials sought included the plaintiff's complete personnel file and the deposition of the Superintendent of Schools (the plaintiff's supervisor).

5. In response to subpoenas issued by both parties on different occasions, the Waterbury School Department made only partial production of the plaintiff's personnel file. The limited material it produced was largely irrelevant to the claims and defenses in this case.

6. Eventually, the Superintendent of the Waterbury School Department, who maintained personal control over the records sought, and who was a necessary witness, retained personal counsel. As a result, the parties' efforts to obtain the needed records and to depose the Superintendent were further delayed.

7. The missing records from the plaintiff's personnel file were not produced until January.

8. The Superintendent of Schools was finally deposed in Waterbury, Connecticut on February 8, and the deposition transcript has not yet been produced. The transcript will contain essential elements of the defendants' planned motion for summary judgment.

Accordingly, the parties jointly request an extension of the deadline for filing dispositive motions by a period of one month, with the new deadline to be set at March 31, 2006.

Respectfully Submitted,
Defendants,
By their attorney,


__/s/ Thomas P. Campbell__
Thomas P. Campbell, BBO #564124
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Plaintiff,
By his attorney,


__/s/ Matthew P. Zayotti__
Matthew P. Zayotti, Esq.
Keegan, Werlin, LLP
265 Franklin Street
Boston, MA  02110-3113
(617) 951-1400


Dated: February 27, 2006


### L.R. 7.1 CERTIFICATION

I hereby certify that on February 24, 2006, I spoke with counsel for the plaintiff regarding this motion. He assented to filing of the joint motion. Therefore, I believe that I have complied with the requirements of Local Rule 7.1.

__/s/ Thomas P. Campbell__
Thomas P. Campbell, BBO #564124


Dated: February 27, 2006