*EX2*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  04-11958-RGS

MARTIN J. GALVIN, JR., ED.D.,

      **Plaintiff,**

vs.

THE TOWN OF YARMOUTH, PETER
L. CARNES AND STEVEN XIARHOS,

      **Defendants.**

## FIRST AMENDED COMPLAINT

### INTRODUCTION

1.      In this action the Plaintiff Martin J. Galvin, Jr., Ed.D seeks to recover damages against the Defendants, Town of Yarmouth, Peter L. Carnes and Steven Xiarhos, for wrongful dissemination of Plaintiff's Criminal Offender Records Information ("CORI") in violation of Mass. Gen. L. ch. 6, § 172, violation of the Plaintiff's civil rights under Mass. Gen. L. ch. 12, §§ 11H and 11I and 42 U.S.C. § 1983, invasion of privacy in violation of Mass. Gen. L. ch. 214, § 1B, tortious interference with contractual relations and intentional and negligent infliction of emotional distress.

### PARTIES

2.      Plaintiff Martin J. Galvin, Jr. Ed.D. is an individual residing at 21 Coniston Avenue, Waterbury, Connecticut 06708.  At all times relevant, the Plaintiff was a public employee of the Waterbury Connecticut Public Schools.

3.      The Defendant Town of Yarmouth is a municipal corporation located in Barnstable County, Massachusetts.

4.      The Defendant Peter L. Carnes ("Carnes") is an individual and, at all times relevant, was the Chief of Police of the Yarmouth Police Department. Upon information and belief, Carnes resides in Barnstable County, Massachusetts.

5.      The Defendant Steven G. Xiarhos ("Xiarhos") is an individual and, at all times relevant, was a Lieutenant in the Yarmouth Police Department. Upon information and belief, Xiarhos resides in Barnstable County, Massachusetts.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to Mass. Gen. L. ch. 212, § 4 which provides this Court general subject matter jurisdiction over all civil actions and pursuant to Mass. Gen. L. ch. 12, §§ 11H and 11I as this action involves a claims for violation of the Plaintiff's civil rights.

7.      Venue is proper pursuant to Mass. Gen. L. ch. 223, § 1 because the Defendants have a usual place of business and or reside, and the conduct complained of occurred, in this county.

## FACTS

8.      On July 4, 2001, at approximately 8:00 p.m., Yarmouth Police Officers T. Hennessey and D. Dickey responded to the scene of a verbal altercation between off-duty Yarmouth Police Officer Lou Nickinello and Dr. Galvin.

9.      Upon arriving at the scene, Officers Hennessey and Dickey took Dr. Galvin into protective custody for intoxication and for allegedly making threats to cause damage to property.

2

10.     On July 5, 2001, at approximately 9:00 a.m., the Yarmouth Police Department released Dr. Galvin.

11.     On Monday, July 9, 2001, Dr. Galvin returned to work in his position of employment with the Waterbury Public Schools, in Waterbury, Connecticut, as Principal of Wilby High School.

12.     Shortly thereafter, Dr. Galvin received written notice from his employer by letter dated July 10, 2001, that the Yarmouth Police Department had reported the incident to his employer.

13.     Dr. Galvin subsequently learned during his divorce proceedings that the Defendants had actually disseminated the Yarmouth Police report, which constitutes and includes criminal offender records information ("CORI"), to his employer.

14.     Upon information and belief, the Yarmouth Police Department also disseminated the Police Report to Dr. Galvin's ex- wife, or her attorney, in connection with the divorce proceedings.

15.     During the divorce proceedings, Dr. Galvin's ex-wife introduced the confidential report in the divorce proceedings in support of her claim that Dr. Galvin was responsible for the break-down of the marriage.

16.     In so doing, Dr. Galvin's ex-wife provided Dr. Galvin with a copy of the confidential report, which included a fax cover sheet indicating that the Town of Yarmouth Chief of Police Peter L. Carnes and Lieutenant Steven G. Xiarhos had actually faxed the report to his employer.

17.    As a result of the Police Report and the CORI contained therein, Dr. Galvin's ex-wife was able to obtain a far more favorable divorce decree with respect to the division of property and alimony than she would otherwise have been able to obtain.

18.    As a result of the Defendants' disclosure of the Police Report and the CORI contained therein to the Waterbury Public Schools, Dr. Galvin was terminated or constructively terminated as Principal of Wilby High School, and Dr. Galvin was subsequently demoted and reassigned to a position of employment in the Waterbury Adult Continuing Education department.

19.    The attention in the media surrounding Dr. Galvin's termination, which was widely reported both in local newspapers and on television, caused Dr. Galvin to experience severe emotional distress, including but not limited to embarrassment, depression, anguish, shame, and loss of sleep.

## COUNT I
### (Wrongful Dissemination of CORI)

20.    Plaintiff repeats the allegations contained in paragraphs 1 through 19 of this complaint as if fully set forth herein.

21.    Pursuant to Mass. Gen. L. ch. 6, § 172, the CORI may be disseminated "only to (a) criminal justice agencies; (b) such other agencies and individuals required to have access to such information by statute . . .; and (c) any other agencies and individuals where it has been determined [by the criminal history systems board (board), that the public interest in disseminating such information to these parties clearly outweighs the interest in security and privacy."

22.    Pursuant to Mass. Gen. L. ch. 6, § 167, CORI is defined as "records and data in any communicable form compiled by a criminal justice agency which concern an

4

identifiable individual and relate to the nature or disposition of a criminal charge, an

arrest, a pre-trial proceeding, other judicial proceedings, sentencing, incarceration,

rehabilitation, or release."

23.     In disseminating the Police Report and the information contained therein,

the Defendants disseminated CORI in violation of Mass. Gen. L. ch. 6, § 172.

24.     As a result of Defendants' actions, the Plaintiff suffered damages.

## COUNT II
### (Mass. Gen. L. ch. 12, §§ 11H and 11I)

25.     The Plaintiff repeats the allegations contained in paragraphs 1 through 24

of this complaint as if fully set forth herein.

26.     The Defendants have maliciously interfered with and attempted to

interfere with the exercise or enjoyment by the Plaintiff of rights secured by the

Constitution and laws of the United States, and of rights secured by the Declaration of

Rights and laws of the Commonwealth of Massachusetts by means of threats,

intimidation or economic coercion.

27.     Defendants' interference with Plaintiff's rights included the wrongful

disclosure of the Police Report and the CORI contained therein to Plaintiff's employer,

the Waterbury Public Schools, which was intended to cause and caused a deprivation of

Plaintiff's property interests in continued public employment and his occupational liberty

interest in preserving his future professional reputation, earning capacity and employment

opportunities, and which interfered with Plaintiff's procedural due process rights by

means of economic coercion, threats and intimidation.

28.     As a result of the Defendants' actions, the Plaintiff suffered damages.

## COUNT III
### (42 U.S.C. § 1983)

29.    Plaintiffs repeat the allegations contained in paragraphs 1 through 28 of this complaint as if fully set forth herein.

30.    Defendants' actions as described above were performed under color of law.

31.    Defendants' actions subjected, or caused the Plaintiff to be subjected, to a deprivation of his rights, privileges and immunities secured by the Constitution and Laws of the United States in violation of 42 U.S.C. § 1983.

32.    More specifically, Defendants' actions as described above subjected or caused the Plaintiff to be subjected, to a deprivation of his property interests in continued public employment and liberty interests in preserving future professional reputation, earning capacity and employment opportunities, in violation of Plaintiff's rights to procedural due process.

33.    As a result of Defendants' actions, Plaintiff suffered damages.

## COUNT IV
### (Invasion of Privacy)

34.    The Plaintiff repeats the allegations contained in paragraphs 1 through 23 of this complaint as if fully set forth herein.

35.    Pursuant to Mass. Gen. L. ch. 214, § 1B, the Plaintiff had a "right against unreasonable, substantial or serious interference with his privacy."

36.    The Defendants' dissemination of the Police Report and the information contained therein constituted an unreasonable, substantial or serious interference with Plaintiff's privacy in violation of Mass. Gen. L. ch. 214, § 1B.

37.    As a result of Defendants' conduct, the Plaintiff has suffered damages.

6

## COUNT V
### (Tortious Interference with Contractual Relations)

38.    The Plaintiff repeats the allegations contained in paragraphs 1 through 37

of this complaint as if fully set forth herein.

39.    The Plaintiff had existing contractual relations with his employer the

Water Public Schools.

40.    The Defendants knew or should have known of the contractual relations

between the Plaintiff and his employer.

41.    The Defendants intentionally and improperly interfered with Plaintiff's

contractual relations with his employer.

42.    As a direct result of the Defendants' interference with Plaintiff's

contractual relations with his employer, the Plaintiff suffered damages, humiliation and

severe emotional distress.

## COUNT VI
### (Intentional Infliction of Emotional Distress)

43.    The Plaintiff repeats the allegations contained in paragraphs 1 through 42

of this complaint as if fully set forth herein.

44.    By the acts described above, Defendants intended to inflict emotional

distress upon the Plaintiff or should have known that emotional distress was the likely

result of their conduct.

45.    Such conduct on the part of Defendants constitutes extreme and

outrageous conduct which resulted in severe emotional distress to the Plaintiff.

46.    The Defendants' actions were the cause of Plaintiff's emotional distress.

## COUNT VII
### (Negligent Infliction of Emotional Distress)

47.    The Plaintiff repeats the allegations contained in paragraphs 1 through 46 of this complaint as if fully set forth herein.

48.    By the acts described above, the Defendants negligently inflicted emotional distress upon the Plaintiff.

49.    Such conduct on the part of the Defendants was the cause of Plaintiff's emotional distress.

50.    The emotional distress to the Plaintiff was the foreseeable result of the Defendants' conduct, and a reasonable person in similar circumstances would have suffered severe emotional distress as a result of Defendants' actions.

WHEREFORE, the Plaintiff prays that this Court:

1.    Enter judgment in favor of the Plaintiff in an amount to be determined after trial, including an award of damages, punitive and exemplary damages, interest, costs and reasonable attorneys' fees; and

2.    Enter judgment in favor of the Plaintiff for such other and further relief as this Court deems just and proper.

8

THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO

TRIABLE.

MARTIN J. GALVIN, JR., ED.D.
By his attorney,

Matthew P. Zayotti, BBO #638265
Keegan, Werlin & Pabian, LLP
265 Franklin Street
Boston, Massachusetts 02110-3113
(617) 951-1400

Dated: April __, 2005

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document(s)
was served upon the attorney of record for each other party by hand-
delivery - US Mail on ___4/1/05___.

9