STATE OF CONNECTICUT
## SUPERIOR COURT
FAMILY DIVISION

| DISSOLUTION OF MARRIAGE JUDGMENT - UNCONTESTED JD-FM-120 | | DOCKET NO. FA-00-0158162 |
|---|---|---|
| JUDICIAL DISTRICT OF Waterbury | AT (Address of Court) 300 Grand Street, Waterbury, CT 06702 | |
| NAME OF CASE GALVIN, CYNTHIA V. GALVIN, MARTIN | | NAME OF JUDGE PETRONI, ROMEO J. |
| NAME OF PLAINTIFF GALVIN, CYNTHIA | ADDRESS OF PLAINTIFF 21 Coniston Avenue, Waterbury, CT | |
| NAME OF DEFENDANT GALVIN, MARTIN | ADDRESS OF DEFENDANT 21 Consiton Avenue, Waterbury, CT | |

## JUDGMENT

This action, by writ, and complaint, claiming a dissolution of the marriage of the parties and other relief, as on file, came to this Court on _3/28/00_ *Return Date* and then to later dates when the defendant appeared and this action was claimed for the family relations list and when the WIFE appeared to prosecute the claim for a dissolution of the marriage.

The Court, having heard the evidence finds the following:
1. The wife, by the name of CYNTHIA FERREIRA was lawfully married to the husband on November 23, 1968 at Waterbury, CT.

2. One party has resided continuously in this State twelve months prior to the date of the filing of the complaint or prior to the date of this decree, and all statutory stays have expired.

3. "X" one box only
   ☒ The marriage of the parties has broken down irretrievably with no hope of reconciliation.
   ☐ Other: specify: _____

4. There are no minor children issue of this marriage.

Whereupon it is adjudged that the marriage of the parties to this action be and it is hereby dissolved and they are each hereby declared to be single and unmarried, and that the Court had entered it's orders at the time of dissolution on July 20, 2001 as follows:

IT IS ORDERED that the marriage of the parties has broken down irretrievably and a decree of dissolution has entered pursuant to 46b-40 (c)(1) of the Connecticut General Statutes;

IT IS ORDERED that the marital residence located at 21 Coniston Avenue, Waterbury, CT shall be listed for sale by the Plaintiff at a market price of $200,000.00 pursuant to Plaintiff's Financial Affidavit. Plaintiff shall reduce the price after 30 days by 2% every month thereafter. After the payment of closing costs, including broker's commission and mortgage, the parties shall divide the net proceeds equally after the sale. This Court shall retain jurisdiction of this real estate until it is sold and the funds are distributed between the parties.

IT IS ORDERED that the Plaintiff's second property which is co-owned by Plaintiff's sister shall remain the property of the Plaintiff and her sister and the Defendant shall waive any interest he may have in this property.

IT IS ORDERED that the third piece of property, 26 Macauley Road in Waterbury, CT which is owned by the Defendant and co-owned by his brother shall remain the property of the Defendant and his brother and the Plaintiff shall waive any interest she may have in this property.

IT IS ORDERED that the Plaintiff shall release any interest she may have in the SBC stock up to the $5,000.00 figure as shown on the Defendant's financial affidavit. Should it be determined that the stock is worth an excess of $5,000.00 by the attorney for the Plaintiff, after consulting the attorney for Defendant, with proof that it is worth more than $5,000.00, the parties shall equally share in the excess above $5,000.00.

KW00355

IT IS ORDERED that the Defendant shall retain as his sole property the 467 sick days accumulated as of the date of dissolution and the Wife shall waive any claim thereto. As to the Defendant's pensions, the parties shall equally divide both pensions (City of Waterbury and State of Connecticut) and as for the State of Connecticut pension, the member and co-participant is ordered and required to select option D; 100% for the life of Martin J. Galvin and Cynthia Galvin. A Qualified Domestic Relations Order and/or Domestic Relations Order will be necessary to effectuate the transfer of those pensions and the parties shall share equally in the cost of having the same prepared. Attorney for the plaintiff shall retain an actuary to prepare and effectuate these transfers. The Court will retain jurisdiction until the QDROs are approved by this Court.

IT IS ORDERED that the balance of the parties' deposit of $21,000.00 in relation to the Cape Cod Litigation shall be split equally by the parties.

IT IS ORDERED that all debt listed on the Defendant's financial affidavit shall be paid from the escrow account currently being held by attorney for Plaintiff from the sale of a liquor store and adjoining land in Cheshire, CT with the exclusion of the MBNA credit card of approximately $10,000-$10,348.00 and further that all debts on the Plaintiff's financial affidavit shall also be paid from this escrow account. Any balance remaining in the escrow account shall be split equally by the parties.

IT IS ORDERED that the Defendant shall maintain the Plaintiff on his medical insurance for a period of three years under COBRA with both parties equally responsible for the premium on this insurance with a cost of $324.89.

IT IS ORDERED that the Defendant shall be required to purchase and/or maintain life insurance as shown on Defendant's Financial Affidavit with a value of $187,000.00 to secure his alimony obligation to the Plaintiff and shall name the Plaintiff as irrevocable beneficiary.

IT IS ORDERED that the Defendant shall pay periodic alimony to the Plaintiff in the amount of $450.00 per week which alimony shall terminate upon the death of either party, remarriage of the plaintiff, or co-habitation under the statute, to an unrelated male living in such condition as if married, in accordance with the statute. Alimony shall also terminate upon the retirement of the Defendant from his employment by any Board of Education as a principal or teacher. Said alimony shall commence on the date of dissolution.

IT IS ORDERED that the parties shall share equally in the mortgage payments on the marital home as well as all expenses associated with the said marital home until it is sold.

IT IS ORDERED that the Plaintiff shall retain the Passat Volkswagon and the Defendant shall retain the Honda. The Plaintiff will register the Honda forthwith and the Court shall retain jurisdiction over the vehicles for 30 days. The Plaintiff shall be responsible for the lease payments on the Passat.

IT IS ORDERED that the parties shall each be responsible for their own legal fees.

IT IS ORDERED that the parties shall share equally in the payment of legal fees to Attorney Mendillo.

IT IS ORDERED that the personal property testified to belong to the Defendant which are currently missing, if found shall be returned to the Defendant which items include a leather jacket and rings. All other personal property shall be divided equally between the parties and if the parties cannot agree, this matter shall be referred to Family Relations.

IT IS ORDERED that any remaining joint credit cards, after payment of same, shall be cancelled, destroyed and/or terminated.

| BY THE COURT (Judge/Clerk) | DATE OF JUDGMENT |
|---|---|
| | JULY 20, 2001 |

**CERTIFICATION** (Complete only when both parties are represented by counsel)

I hereby certify that the foregoing judgment file conforms to the judgment entered by the court

| ATTORNEY FOR PLAINTIFF | DATE | ATTORNEY FOR DEFENDANT | DATE |
|---|---|---|---|
| Daniel J. Mahaney | | Arnold Potash | |

KW00356