UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11958-RGS

MARTIN J. GALVIN, JR., ED.D.,

    Plaintiff,

vs.

THE TOWN OF YARMOUTH, PETER
L. CARNES AND STEVEN XIARHOS,

    Defendants.

## PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

In response to questions raised by this Honorable Court during oral argument on the parties' Cross-Motions for Summary Judgment on August 24, 2006, the Plaintiff Martin J. Galvin, Jr., Ed.D. hereby submits this Supplemental Memorandum of Law in Support of his Motion for Summary Judgment.

### I. ARGUMENT

THE INVOLUNTARY TRANSFER OF PLAINTIFF AND REDUCTION OF HIS EMPLOYMENT DUTIES AND RESPONSIBILITIES IMPLICATED BOTH PLAINTIFF'S CONSTITUTIONALLY PROTECTED PROPERTY INTEREST IN HIS CONTINUED EMPLOYMENT AS PRINCIPAL OF WILBY HIGH SCHOOL AS WELL AS HIS LIBERTY INTEREST IN FUTURE EMPLOYMENT OPPORTUNITIES

As a public employee of the Waterbury Public Schools, the Plaintiff had a protected property interest in his continued employment as Principal of Wilby High School. See King v. Town of Hanover, 116 F.3d 965, 969 (1st Cir. 1997) ("It is well

established that a public employee has a constitutionally protected property interest in his continued employment when he reasonably expects that his employment will continue."); Theriault v. Board of Educ. of Town of Bloomfield, 31 Conn.App. 690, 694, 626 A.2d 781, 783 (Conn.App. 1993) (termination of vice principal of Bloomfield High School was governed by General Statutes § 10-151(d)). Indeed, pursuant to § 10-151(d), Plaintiff's employment was to "be continued from school year to school year, except that it may be terminated at any time for one or more of the following reasons: (1) Inefficiency or incompetence . . . ; (2) insubordination against reasonable rules of the board of education; (3) moral misconduct; (4) disability . . . ; (5) elimination of the position . . .; or (6) other due and sufficient cause. Conn. Gen. Stat. § 10-151.

Under circumstances similar to the present case, the United States Court of Appeals for the Second Circuit held in Ezekwo v. NYC Health & Hospitals Corp., 940 F.2d 775, 783 (2d Cir.), cert. denied, 502 U.S. 1013, 112 S.Ct. 657, 116 L.Ed.2d 749 (1991), that a physician possessed a property interest in the opportunity to serve as Chief Resident, the withdrawal of which was an action short of termination. In so holding, the Court opined that "[i]n determining which interests are afforded such protection, a court must look to whether the interest involved would be protected under state law and must weigh 'the importance to the holder of the right.'" Id. at 782. Concluding that the physician did have a protected property interest, the Court noted:

> "To a member of the medical profession the designation of Chief Resident is of special importance because it denotes the culmination of years of study. Additionally, it is necessary a position that an individual can occupy only once in his or her career. Thus, . . . the interest at stake here, due in large part to the very nature of medical training itself, was of significant professional value."

Id. at 783. See also, Winkler v. County of DeKalb, 648 F.2d 411 (5th Cir. 1981) (protectible property interest where county engineer demoted to position of greatly reduced responsibilities).

Similarly, Plaintiff's position as Principal of Wilby High School was far more prestigious than the position of Principal of Adult Education, which was especially created for the Plaintiff and to which he was involuntarily transferred. Zayotti Affidavit, Exh. A, at 307-314. Indeed, prior to the Plaintiff's involuntary transfer, the position in question was known as "Director of Adult Education". Id. at 311. Moreover, the Plaintiff's duties were vastly diminished. Among other things, as Principal of Wilby High School Plaintiff was responsible an accredited educational institution, including 110 certified teachers and 65 paraprofessionals, a $26-28 million facility, located on 50 acres of land with ball fields, a gymnasium, and three basketball courts. Id. at 312-313. By contrast, the Adult Education Program, which is licensed rather than accredited, is housed in a leased facility with only three contracted teachers and a number of part-time employees that are paid on an hourly basis and receive no benefits. Id. at 311-313. Given the professional importance of the Principal position at Wilby High, and the relative lack of importance of the Adult Education Principal position, the Plaintiff's property interests in his employment as the Wilby High School Principal were implicated when the Plaintiff was involuntarily transferred.

Finally, the Plaintiff also had a constitutionally protected "liberty" interest in "later opportunities for . . . employment." Bartholomew v. Fischl, 534 F.Supp. 161, 164 (E.D.Pa. 1981), citing, Goss v. Lopez, 419 U.S. 565, 575, 95 S.Ct. 729, 736, 42 L.Ed.2d

3

725 (1975), which was adversely impacted when the Plaintiff was involuntarily transferred to a less important position.

## II. CONCLUSION

WHEREFORE, based upon the supplemental points and authorities set forth herein, the Plaintiff respectfully requests that this Honorable Court grant the Plaintiff's Motion for Summary Judgment.

MARTIN J. GALVIN, JR., ED.D.

Respectfully submitted,

*/s/ Matthew P. Zayotti*
Matthew P. Zayotti, BBO #638265
Keegan Werlin LLP
265 Franklin Street
Boston, Massachusetts 02110-3113
(617) 951-1400

Dated: September 8, 2006

---

**CERTIFICATE OF SERVICE**
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 8, 2006.

*/s/ Matthew P. Zayotti*

---